IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GEONNI ORDELLI** | Case No.: **3:12-cv-1791-SI** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **MARK FARRELL & ASSOCIATES**, **MARK J. FARRELL, ELIZABETH G. FARRELL, JEFF RHOADS, JAKE WEBB, ALEX BUCK,** and **ANDEN OQUENDO,** | |
| Defendants. | |

**SIMON, District Judge.**

In her *pro se* Complaint ("Compl."), Geonni Ordelli ("Plaintiff") alleges that her landlords and roommates "engaged in a campaign of gender discrimination, harassment, intimidation and abuse" due to her "gender and sexual orientation and because of her assertion of her rights under a lawfully executed lease." Compl. 2. The original complaint alleged that Defendants violated 42 U.S.C. § 1981, a federal anti-discrimination statute. Plaintiff

commenced this action in federal court, alleging jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction). Because her original complaint was based on § 1981, which only reaches private acts of racial discrimination, the Court on November 21, 2012, ordered Plaintiff to show cause why the Court should not dismiss the case without prejudice for lack of subject-matter jurisdiction.

On February 29, 2013, Plaintiff filed her first amended complaint ("FAC"), alleging that her landlord and roommates violated the federal Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"). FAC ¶ 73. Plaintiff again alleged jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).[1]

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the U.S. Constitution and Congress. *See id.* "It is to be presumed that a [complaint] lies outside this limited jurisdiction …. and the burden of establishing the contrary rests upon the party asserting jurisdiction," which in this case is Plaintiff. *Id.* The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

---

[1] Plaintiff also alleges jurisdiction under 28 U.S.C. § 1337 (commerce and antitrust jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 2201 (creation of remedy). FAC ¶ 2. These statutes do not establish jurisdiction. 28 U.S.C. § 1343 "does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980). Because Plaintiff has not alleged a valid claim under 42 U.S.C. § 3601 et seq. and has not alleged any other federal cause of action, as discussed below, she has not established jurisdiction under 28 U.S.C. § 1343. 28 U.S.C. § 1337 creates original jurisdiction for any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. This is not such an action. Finally, 28 U.S.C. § 2201 (creation of remedy) is not a jurisdictional statute; rather it allows the court to create a remedy "in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country." 28 U.S.C. § 2201(a).

OPINION AND ORDER, Page 2

party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court may therefore raise the question of subject-matter jurisdiction on its own initiative at any stage in the litigation. *Id.* at 506. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

For this Court to have jurisdiction under § 1331, Plaintiff's complaint must allege a cause of action created by federal law. The only federal cause of action alleged in the complaint is the under Section 3604(a) and (b) of the FHA. The Ninth Circuit has instructed that "the vitality of a fair housing complaint should be judged by the statutory elements . . . ." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250 (9th Cir. 1997). The FHA provides a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). "Aggrieved person" is defined to include any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i); *see Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 927 (8th Cir. 1993) (cited with approval in *Gilligan*, 108 F.3d at 250). A discriminatory housing practice includes acts unlawful under 42 U.S.C. § 3604. 42 U.S.C. § 3602(f); *see Gilligan*, 108 F.3d at 250. Section 3604 provides that it shall be unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

Plaintiff must allege that she is aggrieved by a "discriminatory housing practice," based on her membership in a protected class named in Section 3604(a) or (b). While Oregon state law

OPINION AND ORDER, Page 3

prohibits discrimination based on sexual orientation in the sale or rental of housing, O.R.S. 659A.421(3)(a), the FHA does not.  To state a claim under the FHA, Plaintiff must allege unlawful discrimination based on sex or familial status.  Plaintiff must plead more than conclusory allegations in order to state a claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Plaintiff pleads a violation of the FHA due to her landlord's alleged refusal, based on Plaintiff's sex or familial status, to allow Plaintiff to sign a lease executed by her roommates on January 26, 2012.  FAC ¶ 59, ¶ 73.  The FAC alleges that Plaintiff executed a month-to-month lease with her landlord on September 20, 2010.  FAC ¶ 33.  The FAC further alleges that Plaintiff was not included on a new lease signed by her roommates on January 26, 2012.  FAC ¶ 48.  This does not, however, state a cause of action under the FHA.  There is no allegation that Plaintiff was denied housing by her landlord.  There is no allegation that Plaintiff's lease has been terminated.[2]  Indeed, Plaintiff concedes that on February 2, 2012, her landlord stated to her that she was still a tenant and encouraged her to sign a new lease.  FAC ¶¶ 55-56.

Because there is no allegation of refusal to rent a property or refusal to negotiate, or any other denial that makes rental housing unavailable, Plaintiff has not alleged a "discriminatory housing practice" sufficient to state a claim under Section 3604(a).  Similarly, because there is no allegation that Plaintiff has been denied any term, condition, or privilege of sale or rental, Plaintiff has not alleged a "discriminatory housing practice" sufficient to state a claim under Section 3604(b).  While Plaintiff alleges a violation of the FHA based on willful and malicious discrimination based on sex and familial status, she has not pleaded more than conclusory

---

[2] While Plaintiff alleges that her roommates have attempted to evict her from her housing, those Defendants do not appear to have the legal authority to terminate her lease with her landlord.  FAC ¶ 65.

OPINION AND ORDER, Page 4

allegations.  *See Bell Atl. Corp.*, 550 U.S. at 557.  Further, because the FAC does not adequately allege federal jurisdiction, the Court cannot exercise pendant jurisdiction over state law claims.  Because the FAC does not state a cause of action cognizable under the FHA, the FHA cannot provide the basis for this Court's jurisdiction under 28 U.S.C. § 1331.

Given the content of the original and first amended complaint, the Court finds that further leave to amend would be futile.  Therefore, the first amended complaint is DISMISSED without leave to amend.

DATED this 15th day of March, 2013.

  /s/ Michael H. Simon
Michael H. Simon
United States District Judge